UNTIED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

FILED IN OPEN COURT
1.15.10
CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

UNITED STATES OF AMERICA,

              CASE NO.:   3:09-CR-387-d-32 MCR

Plaintiff,

vs.

ROBERT ALLAN COWAN,

Defendant.

## MEMORANDUM OF LAW CONCERNING CONFLICT OF COUNSEL

The United States Government has asserted that there could possibly be a conflict related to the present counsel for the Defendant and in that regard with arguments the Court having directed counsel to file a memorandum, the same is being done herein.

The Sixth Amendment of the United States Constitution provides that the accused is entitled to counsel of his choice. That is not an unabrided or absolute privilege and is one that can be curtailed under proper circumstances. Secondly, in regard to conflicts, there is the question of whether the Defendant has waived the privilege of knowing a conflict could exist and still declares that he chooses a specific counsel. Again, this waiver can be rejected by the court under certain circumstances.

Counsel for the Defendant would assert that the Defendant, ROBERT ALLAN COWAN, has voiced his waiver of whether or not there is a conflict for the undersigned to represent him in this cause. The Courts have taken different approaches as to a conflict that is possible, or might happen or actually would happen. Also, since the division of the Fifth Circuit into the Fifth and

Eleventh Circuit, it would appear that some of the cases in the Fifth Circuit have allowed the waiver to exist and the conflict to be for all practical purpose non-existent. Some of the Eleventh Circuit Court cases have held otherwise. The Fifth Circuit Court case of <u>United States vs. Casiano</u>, 929 F2d 1046(5 Cir. 1991), addressed the issues in the lower Court of where the trial Judge try to determine if the waiver had been freely and voluntarily given. It appeared that the cases of <u>United States vs. Garcia</u>, 517 F2d 272(5 Cir. 1975) and the <u>United States vs. White</u>, 706 F2d 506 (5 Cir. 1983) provide standards for which a Court can look at the potentiality of a conflict and determine whether such conflict, if it exists, has been explained adequately to the Defendant and whether his waiver was freely and voluntarily given. The government ahs cited several cases including <u>Untied States vs. Register</u>, 182 F3d 820 (11 Cir. 1999) and <u>United Sates vs. Culp</u>, 934 F.Supp 394 (M.D.Fla. 1996). These cases are, in the opinion of counsel, not particularly determinative of the issues here. In the case of <u>U.S. vs. Culp</u>, the conflict there involved whether cross examination would create a conflict with Defendant's counsel and his former client. The Court went on to say that a vigorous representation of the Defendant would require his attorney to act in a manner adverse to the interest of his former client. The case of <u>United States vs. Register</u> involved a situation where the defense attorney was suspected of being involved with the perpetration of the crime that the Defendant he represented was charged. The Court noted any cross examination of the witness who was to testify would virtually be impossible since defense counsel questioning this witness would have significant concerns about his own interest rather than that of his client's.

    We don't have any of those problems here. We have at best an unlikely but possible, more on a technical side, conflict than anything else.

The factual basis here is that counsel for the present Defendant made an appearance in state Court on behalf of a possible witness, Robert Glawson. Mr. Glawson had retained the services of the undersigned counsel herein and agreed to pay him a fee which he could not come up with. After the initial appearance at arraignment, the undersigned asked the Court to be allowed to withdraw and be excused from representing this particular Defendant who could possibly be a witness herein on the basis that he could not afford to pay counsel a fee. The Court granted this Motion to Withdraw which was orally made before the Court at the second hearing. The witness/Defendant in the earlier case, Mr. Glawson was present and he agreed that he could not afford to pay and therefore he had no objection to the withdrawal.

The government here states that Mr. Glawson may be a witness and that there could be some conflict between counsel for Defendant Cowan and in cross examining Mr. Glawson. Counsel truthfully and logistically can't see how there is any conflict. He was charged with a crime of unlicensed construction totally unrelated in any fashion to anything that Defendant Cowan has been charged with and there was no confidential communication that the undersigned herein learned that in any way was reflective of his appearing in Court for an arraignment. Whether or not a cross examination by the undersigned would require questions of whether or not the witness was a convicted felon or whether he has been charged with unlicensed construction, would in no way be a conflict of the undersigned having merely representing him in a very brief presentation at an arraignment in State Court.

The Defendant herein believes that there is no conflict and this is concurred with his undersigned counsel and verily believes that the concerns of the government are not properly

founded and that he should be allowed to continue in his representation of the Defendant.

*Borden R. Hallowes*
Borden R. Hallowes, Esquire
Florida Bar No.: 033092
157 Hampton Point Dr. Suite 3
St. Augustine, FL  32092
(904) 810-0962
Attorney for Defendant

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was hand delivered to Rodney Brown, Assistant United States Attorney, January 15, 2010.

*Borden R. Hallowes*
Borden R. Hallowes, Esquire