UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA,

v.                                           CASE NO.: 3:09-cr-387-J-32MCR

ROBERT ALLAN COWAN,
        Defendant.
_____/

**DEFENDANT'S MOTION IN LIMINE TO PROHIBIT THE GOVERNMENT'S PROPOSED FIVE-YEAR OLD WITNESS FROM TESTIFYING ON REBUTTAL WITHOUT FIRST SUBMITTING TO A HEARING OUTSIDE OF THE PRESENCE OF THE JURY TO DETERMINE WHETHER THE CHILD IS COMPETENT TO TESTIFY**

    Defendant, ROBERT ALLAN COWAN (hereinafter "defendant" or "Mr. Cowan"), by and through the undersigned counsel, respectfully requests that this Court enter an order prohibiting the government's proposed five-year old witness from testifying on rebuttal without first submitting to a hearing outside of the presence of the jury to determine whether the child witness is competent to testify, stating as follows:

    1.    The trial of the above-styled case is set to begin on October 4, 2010.

    2.    On July 8, 2010, the United States filed a notice of intention to use evidence of similar crimes, pursuant to Rule 14, Federal Rules of Evidence (hereinafter "Rule 414 notice"), Doc. #34, indicating that it intended to offer during its case-in-chief the following:

    At trial, the United States will seek to introduce evidence of

>  defendant's sexual molestation of a very young child over a period of time up until his arrest on August 17, 2009.  Specifically, defendant caused a minor child to perform oral sex on him and defendant also digitally penetrated the genitalia and anus of the same minor child.

Doc. #34 at page 1 (footnote omitted).

3. On July 9, 2010, the United States filed a notice of intention to use "other act" evidence (hereinafter "other act notice"), Doc. #36, indicating that it intended to offer into evidence certain statements allegedly made at the Duval County jail by Mr. Cowan to two other jail inmates regarding Mr. Cowan's alleged sexual molestation of a minor child.[1]

4. The "other act notice" summarized Mr. Cowan's alleged jailhouse statements concerning the sexual molestation as follows:

> (i)  defendant was attracted to the minor child, treated the minor child like his girlfriend, and would rather ejaculate in the minor child than in an adult female,
>
> (ii)  on August 17, 2009 [the date of his arrest], he masturbated until he ejaculated in the minor child's mouth, and
>
> (iii)  that he often performed oral sex on the minor child.

Doc. #36 at ¶ 2.

---

[1] From speaking with the prosecutor, the minor child about whom Mr. Cowan allegedly spoke is the same minor child who is the depicted in the images supporting the two counts of the Indictment charging Mr. Cowan with producing child pornography.  The minor child was four years old at the time of the last alleged molestation and is five years old today.  Also, the minor child referenced in the "other act notice,"Doc. 36, is the same minor child referenced in the Rule 414 notice, Doc. #34.

4.	At the final paragraph of the "other act notice," the government clarified that the alleged statements to the two inmates concerning the sexual molestation of the minor child would be offered pursuant to Fed. R. Evid. 414. See Doc. #36 at page 2.

5.	Initially, the prosecutor indicated to the undersigned that the United States would present at trial the testimony of the minor child, who is now five years old, and the two adult jail inmates to establish the evidence described in the Rule 414 notice and the "other act notice." Doc. # 34; Doc. #36.

6.	On August 16, 2010, the prosecutor filed a notice indicating that he no longer intends to call the minor child to testify concerning the alleged sexual molestation during the government's *case-in-chief*.

7.	The undersigned, however, clarified with the prosecutor that the prosecutor intends to present the minor child as a rebuttal witness, if the defendant *"opens the door"* for rebuttal.

8.	The only conceivable way that the defendant would not *"open the door"* to having the minor child testify on rebuttal is if the government presents **no** evidence of alleged sexual molestation, pursuant to Rule 414. In other words, if the government is permitted to present, in its case-in-chief, the proposed evidence from the two jail inmates about the defendant's alleged sexual molestation of the minor (as described in paragraph 4, above), the defendant will

3

have no choice but to *truthfully* deny that he ever made the statements to the inmates and to *truthfully* deny that he engaged in the sexual misconduct. Indeed, the mere recitation of the false evidence by the inmates will unduly prejudice the defendant in defending against the crimes charged. Failure to respond to such false and baseless accusations would seal the defendant's fate and result in unjust convictions of the crimes charged. Therefore, in an abundance of caution so as not to waive the defendant's objection to the competency of the proposed child witness, the undersigned alerts the Court to the likelihood that the defendant will *"open the door"* to the rebuttal that the government plans to present through the child witness if the government is permitted to present the testimony of the two inmates concerning the alleged child molestation as described in paragraph 4, above.

## MEMORANDUM OF LAW

The defendant intends to challenge the competency of the child witness to testify on several grounds, including that (1) the child witness is not competent to testify truthfully because of her remarkably fantastic imagination that renders her unable to differentiate between fantasy and fact; (2) the child witness is not competent to testify truthfully from personal knowledge as to matters that allegedly occurred when she was four years old or less particularly in light of her remarkably fantastic imagination that renders her unable to differentiate between

fantasy and fact; (3) the child witness, due to her age and imagination, is unable to understand an oath or affirmation even if administered in a form calculated to awaken the child witness' conscience and impress the child witness' mind with the duty to do so; and (4) the defendant would be deprived of due process and his right to confront witnesses against him because the child witness would not be able to differentiate between fantasy and fact in answering questions posed to her on cross-examination.  The applicable rules of evidence bearing on the competency challenges are Federal Rules of Evidence 601 through 603.

    Fed. R. Evid. 601 provides:

> Every person is competent to be a witness except as otherwise provided in these rules.  However, in civil actions and proceedings, with respect to an element of a claim or defense as to which State law supplies the rule of decision, the competency of a wines shall be determined in accordance with State law.

    Fed. R. Evid. 602 provides:

> A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter.  Evidence to prove personal knowledge may, but need not, consist of the witness own testimony.  This rule is subject to the provisions of rule 703, relating to opinion testimony by expert witnesses.

    Fed. R. Evid. 603 provides:

> Before testifying, every witness shall be required to declare that the witness will testify truthfully, by oath or affirmation administered in a form calculated to awaken the witness' conscience and impress the witness' mind with the duty to do so.

Beginning with the first sentence of Rule 601, the general rule of competency, every person is deemed to be competent to be a witness. Nevertheless, a court has the power to rule that a witness is incapable of testifying and in an appropriate case it has the duty to hold a hearing to determine that issue. United States v. Gates, 10 F.3d 765, 766 (11th Cir. 1993); see also United States v. Devin, 918 F.2d 280, 291-92 (1st Cir. 1990) (Rule 601 establishes witnesses are "presumed" competent, but the courts have broad latitude as to whether a competency hearing shall be conducted); United States v. Odum, 736 F.2d 104, 111 (4th Cir. 1984).

Pursuant to Rule 602, a witness may not testify to a matter unless evidence is produced sufficient to support a finding that the witness has personal knowledge of the matter. Rule 603 requires that the witness will testify truthfully, by oath or affirmation, administered in a form calculated to awaken the witness's conscience and impress the witness's mind with the duty to do so. United States v. Saget, 991 F.2d 702 (11th Cir. 1993).

Based on the defendant's relationship to the child witness, the defendant is particularly knowledgeable about the child witness' extraordinary imagination and states that a high probability exists that the child witness does not possess the characteristics that qualify her to testify in accordance with the requirements of the rules of evidence and the constitutional due process and confrontation clause

rights of the defendant.

WHEREFORE, based on the foregoing, this Court should enter an order prohibiting the government's proposed five-year old witness from testifying on rebuttal without first submitting to a hearing outside of the presence of the jury to determine whether the child witness is competent to testify.

Respectfully submitted on this the 20th day of August, 2010.

        s/ Charles L. Truncale
        CHARLES L. TRUNCALE
        Fla. Bar No.: 0786381
        LAW OFFICE OF
        CHARLES L. TRUNCALE, P.A.
        233 East Bay Street, Suite 1101
        Jacksonville, FL 32202
        Telephone:   (904) 355-3885
        Facsimile:   (904) 208-5051
        E-mail: ctruncale@bellsouth.net

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 20, 2010, I electronically filed the foregoing with the clerk of Court by using the CM/ECF system which will send a notice of electronic filing to D. Rodney Brown, Assistant United States Attorney, 300 North Hogan Street, Suite 700, Jacksonville, FL 32202.

        s/ Charles L. Truncale
        CHARLES L. TRUNCALE