UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                              Case No.  3:09-cr-387-J-32MCR

ROBERT ALLAN COWAN

_____

**UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S
MOTION IN LIMINE TO PROHIBIT THE GOVERNMENT'S PROPOSED
FIVE-YEAR OLD WITNESS FROM TESTIFYING ON REBUTTAL WITHOUT
FIRST SUBMITTING TO A HEARING OUTSIDE OF THE PRESENCE OF THE
JURY TO DETERMINE WHETHER THE CHILD IS COMPETENT TO TESTIFY**

The United States of America, by and through the undersigned Assistant United States Attorney, files this response in opposition to defendant's Motion in Limine to Prohibit the Government's Proposed Five-year Old Witness from Testifying on Rebuttal Without First Submitting to a Hearing Outside of the Presence of the Jury to Determine Whether the Child Is Competent to Testify (Doc. 48), and states as follows:

1. The trial of this case is scheduled to commence on October 4, 2010.

2. Pursuant to this Court's order, on August 16, 2010, the United States filed a notice advising the Court and defendant that the child victim would not be called to testify during the United States' case-in-chief.

3. On August 20, 2010, defendant filed a motion seeking to prohibit the testimony of the child victim during rebuttal in the trial of this case unless and until the Court conducts a hearing to determine the child's competency to testify.

4. It is possible that the child victim may not be called to testify at all in rebuttal, but this is dependent upon what, if any, case that defendant presents at trial.

## Memorandum of Law

Rule 601, Federal Rules of Evidence, provides that all persons are competent as witnesses except as specifically provided for by some other provision in the rules themselves. In cases involving child victims, Title 18, United States Code, Section 3509(c) governs competency examinations and sets forth a framework for trial courts dealing with child witnesses. Specifically, 18 U.S.C. § 3509(c)(2) provides: "A child is presumed to be competent." The applicable statutory provisions also highlight defendant's substantial burden that must be overcome before being granted a competency hearing. A court may only conduct a competency examination of a child witness if the party challenging the child's competency files a written motion offering compelling proof of incompetency. See 18 U.S.C. § 3509(c)(3). Moreover, 18 U.S.C. § 3509(c)(4) provides:

> A competency examination regarding a child may be conducted only if the court determines, on the record, that *compelling reasons exist*. A child's age alone is not a compelling reason.

(emphasis added). See United States v. Snyder, 189 F.3d 640 (7th Cir. 1999) (competency examination regarding a child may be conducted only if the court determines, on the record, that compelling reasons exist); United States v. Allen, 127 F.3d 1292 (10th Cir. 1997) (documents submitted concerning 12-year old victim-witness, who suffered from learning difficulties, developmental delay, and mild mental retardation, insufficient to require a competency hearing under 18 U.S.C. § 3509); and United States v. Walker, 261 F.Supp.2d 1154, 1155-56 (D. N.D. 2003) (no competency

hearing required when defendant failed to provide specific evidence of incompetency of 9-year old child witness).

In this case, defendant has failed to make any showing that the child victim is incompetent to testify[1]. The child's age, alleged "remarkably fantastic imagination," and the passage of time since the child was last sexually exploited by defendant are neither compelling reasons for ordering a competency hearing nor proof of any incompetency on the part of the child victim. However, assuming *arguendo* that defendant *could* make the requisite showing, the purpose of such an examination would only be to determine "the child's ability to understand and answer simple questions." 18 U.S.C. § 3509(c)(8); see Wheeler v. United States, 159 U.S. 523, 524-26 (1895) (five-year old child witness determined competent to testify in murder trial when asked, during voir dire at trial, several simple questions about the difference between the truth and a lie). Defendant would not be permitted to be present during such a hearing. 18 U.S.C. § 3509(c)(5).

It is the position of the United States that defendant has not established or even alleged *any* compelling reasons as required by 18 U.S.C. § 3509(c)(4) to warrant a competency hearing, and his motion should be denied. However, should the Court determine otherwise, this issue is not fully ripe because whether the child victim will testify in the rebuttal case is solely dependent on the evidence and testimony adduced in defendant's case-in-chief. Depending on defendant's trial strategy, it may never ripen.

---

[1] To the contrary, in a video recorded interview on August 18, 2009, defendant stated that the child victim is "incredibly intelligent," "extremely sharp," and "can read at the second grade level."

3

Accordingly, the United States respectfully requests that this Court deny defendant's motion because it fails to establish any compelling reasons as required by 18 U.S.C. § 3509(c)(4), or, in the alternative, hold the motion in abeyance and defer conducting any competency hearing regarding the child victim until it can be determined whether such is necessary.  There is no reason to subject the child victim to a pretrial competency hearing when the child's testimony may never be required.  Indeed, refraining from doing so would protect the child victim from unnecessary stress and conserve judicial resources.  Should a competency hearing become necessary, the Court may conduct such a hearing quickly and efficiently outside the presence of the jury and defendant during a short break at trial.

WHEREFORE, the United States respectfully requests that the Court deny Defendant's Motion in Limine to Prohibit the Government's Proposed Five-year Old Witness from Testifying on Rebuttal Without First Submitting to a Hearing Outside of the Presence of the Jury to Determine Whether the Child Is Competent to Testify (Doc.

48), or, in the alternative, hold defendant's motion in abeyance and defer ruling until after the presentation of defendant's case-in-chief, if any.

        Respectfully submitted,

        A. BRIAN ALBRITTON
        United States Attorney

BY:   */s/ D. Rodney Brown*
       D. RODNEY BROWN
       Assistant United States Attorney
       Florida Bar No. 906689
       300 North Hogan Street, Suite 700
       Jacksonville, Florida 32202-4270
       Telephone:  (904) 301-6300
       Facsimile:   (904) 301-6310
       E-Mail:      rodney.brown@usdoj.gov

U.S. v. ROBERT ALLAN COWAN						Case No. 3:09-cr-387-J-32MCR

## CERTIFICATE OF SERVICE

I hereby certify that on August 30, 2010, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

>	Charles L. Truncale, Esq.
>	233 East Bay Street
>	Suite 1101
>	Jacksonville, FL 32202


>	/s/ D. Rodney Brown
>	D. RODNEY BROWN
>	Assistant United States Attorney