November 1, 2010

Dear Judge Corrigan:

I regret having to write to you again, however I still have not had contact with my attorney despite sending him an additional letter begging him to call me. Again, I am the amateur here, and I do not know what the deadlines or procedures are, but I felt it was important to bring the items listed below to your attention before 30 days had passed after my conviction. Enclosed within this envelope are

- A request for the conviction to be vacated and all charges dismissed due to prosecutorial misconduct.
- A request for the conviction to be vacated and the charges dismissed because the Grand Jury was mislead by the testimony of Mr. Greenum.
- A request for the conviction to be vacated and Counts one and two to be dismissed because by their own report the Prosecution concedes that the files in question were not completely downloaded, therefore they could not qualify as a violation of the law.
- A request for the conviction to be vacated and Count three to be dismissed due to a lack of evidence.
- A request for the conviction to be vacated and Count six to be dismissed; Count six involves a back up drive. The files in question were NOT located on the computer attached to the back up drive, which indicates that when these files were discovered, they were deleted.
- A request for the conviction to be vacated and Count seven to be dismissed as there is no evidence I was aware of the contents of this folder.
- A request for the conviction to be vacated due to the fact that Government Exhibits 13, 14, and 15 (items from the storage unit) were in fact legal material, most of which were purchased in national chain bookstores when I was in my twenties or younger, and the introduction of this material was unfairly prejudicial against me.
- A request for the conviction to be vacated due to the inclusion of material that was outside of the scope of the indictment, namely the CD that was seized as well as Government Exhibits 13, 14, and 15.

RECEIVED 11-5-10 CLERK, U.S. DISTRICT COURT MIDDLE DISTRICT OF FLORIDA JACKSONVILLE

FILED 10-9-10 CLERK, U.S. DISTRICT COURT MIDDLE DISTRICT OF FLORIDA JACKSONVILLE

- A request for the conviction to be vacated due to Mr. Brown's badgering concerning the issue of deleted files in unallocated spaces in all of the computers, especially my daughters.
- A request to be granted bond for the remainder of the proceedings so that I can work more closely with my lawyers.

Thank you for your consideration of these items, sir. I am sorry that I have no legal training and therefore do not know the proper format for motions; this is the best that I could do on my own. I was concerned that if I waited any longer for Mr. Truncale, I might miss my only window of opportunity. Please forgive me if I am in error. If deadlines are not looming near (or if you can grant me an extension), I will gladly withdraw these hand written requests and replace them with proper motions prepared by Mr. Truncale. However the request for release should still be considered so that I have a better opportunity to work with Mr. Truncale and my other lawyers. Thank you for your indulgence.

Very Respectfully,

Robert Cowan

Request for the Conviction to be Vacated and all Charges dismissed due to prosecutorial misconduct

As I mentioned to you in my previous letter, Mr. Brown made frequent reference to the hundreds of images that I had deleted from my iPhone in the period of time leading up to my arrest and he strongly implied that at least some of these photographs were of an illegal nature. In fact he knew this was not the case. He knew what the photographs were because he had possession of Government Exhibit 1A which had the recovered photographs from the iPhone, and he also had my laptop computer and the 17" iMac. All of the photographs from the iPhone were located in at least one of those three places and were easily identifiable both by their filenames and by the presence of GPS data. Considering that the computers and phone were seized in August of 2009 and I was indicted in December of 2009 and the trial did not occur until October of 2010, Mr. Brown had more than enough time to complete his research. They went through Government Exhibit 1A deeply enough to find the photos I was indicted for, certainly they saw the others as well. The Government provided the defense with thumbnail images of the photos on the iPhone, GX1, but they did not provide us with the images that were on GX1A, which included the recovered images. The Government did, however, have this data for itself.

In my profession, education, if a teacher had come to me as principal and had presented information to me that she knew was false (or should have known was false) in order to get a student punished or to get a student's placement changed, that teacher would have violated the Florida Code of Ethics and would have been terminated. I can

Tell you that a teacher at Yulee Primary School did in fact provide false information about student grades and lesson plans to me. I charged her with violating the Code of Ethics and she wisely chose to resign just prior to being terminated. I have to believe that the Bar and the Department of Justice has a Code of Ethics that is at least as strict as Florida's Code of Ethics for Teachers. I believe that Mr. Brown's actions crossed the line, not by inches but by miles. I refer you to the recent Federal Case of Senator Ted Stevens, and the Judges decision to Vacate Senator Steven's Conviction and to refer the prosecutors for possible disciplinary action over similar actions. I believe that my conviction must be vacated and the charges dismissed because of Mr. Brown's failure to meet his professional obligations. I further request that your Court take possession of the Laptop, the 17" iMac, the iPhone and Government Exhibit 1A from Mr. Brown's office until this matter is resolved.

Request for the Conviction to be Vacated and the indictment to be invalidated because the Grand Jury was mislead by the testimony of Mr. Greenum.

During the trial I was shown the transcript from the Grand Jury proceedings. The Grand Jury did not see the images and videos involved, they only heard the filenames and Mr. Greenum's descriptions of the contents. The problem is that Mr. Greenum's descriptions of the photos in counts four and five were not accurate. In nearly every instance he described each of the photographs as being centered on my daughter's private area. However, in most of the photographs her private area is in the lower 1/8 of the image, often barely visible. This makes the indictments invalid, as the Grand Jury voted to indict based on information that was not correct. The indictment needs to be thrown out, the conviction vacated, and the charges dismissed.

Request for the conviction to be vacated and to have Counts One and Two be dismissed.

According to the report produced by Mr. Greenum, the files involved in both Counts one and two were located in the "Incomplete" folder on the 24" iMac. The Incomplete folder is where Limewire stores files that have not completed their download. By definition, I cannot be charged with downloading a file that did not download. While I cannot remember back to those two dates in 2008, what I do know is that if I saw an unwanted (that is, pornographic) file being downloaded, I would stop it. I would also delete the Incomplete file folder. In this instance the file path ("Volumes/") indicates that Limewire created the folder in a place I would not know to look (it usually appears on the desktop), so I suspect I did not delete it because I could not find it. The important point is that by virtue of these files being located in the incomplete folder, these files did not completely download, most likely because I stopped them, and therefore I cannot be charged. Not only did I not purposefully and knowingly download these files, I knowingly and purposefully stopped their download.

The display of these videos before the Jury, as well as the mere existence of these charges, unfairly prejudiced the Jury in regards to the other charges and therefore the entire conviction must be vacated and Counts one and two permanently dismissed.

Request for the entire conviction to be vacated and for Count three to be dismissed

Count three involves the downloading of a video of child pornography. I did not knowingly or intentionally download any video or image of child pornography. I did, however, download music as well as videos and images of legitimate, legal subjects such as the martial arts, Japan, Chicago, and various military subjects. On occaison unwanted files, including pornographic files, would come along with the desired files. When that happened, I would delete the unwanted files. Downloaded music files automatically load into iTunes without my having to do anything at all, so I did not check the download folder every time I downloaded material. How I missed this file I do not know, but only a few weeks passed from the time of the download to the time of my arrest, so I most likely just never checked the folder. It was not my intention to download this file or possess it. Count three indicates someone who missed one item that came along with legitimate downloads, not someone who intentionally sought or received an illegal item. Count three should be dismissed as there is no evidence that I intentionally downloaded this file or that I viewed it, or even knew it was there. The display of the video involved in this count to the jury unfairly prejudiced them towards the other counts as did the mere existence of this unjustified charge, so therefore the entire conviction must be vacated.

Request for the Conviction to be Vacated and Count six to be dismissed

Count six concerns three files which were located on the Maxtor external hard drive. This drive, as confirmed by Mr. Greenum's report, was used as a back up drive for my laptop computer. The program, called Time Machine, conducted automatic incremental back ups. The fact that the files located on the Maxtor drive were not also located on the laptop indicates that when I found them on the laptop I deleted them, therefore I did not knowingly or intentionally possess the files. It just did not occur to me that the files had been backed up or that I needed to erase the back up drive. Time Machine organizes the data by date, so in order to eliminate a file from the Maxtor drive I would have had to determine the date that it first occurred and then delete that date and every day thereafter until reaching the date at which I had deleted the item from my computer, and even then I do not know if this would have done it. Frankly, it just did not occur to me to do so. I have never had a problem with losing data from any Apple product, so I have never checked the back up drive to look for anything. I just have it for insurance and have never had to use it or retrieve data. It is literally out of sight, out of mind.

The display of the videos and images from this drive before the jury, as well as the mere existence of this count was unfairly prejudicial in regards to the other counts, so therefore the entire conviction must be vacated and count six be dismissed.

Request for the entire Conviction to be Vacated and Count Seven to be dismissed.

Count Seven involves files that were in a folder named "Check" that was located on the Toshiba drive. I did not know what was in that folder and there is no evidence to indicate otherwise. As indicated in Mr. Greenum's report, on the 17" iMac Limewire downloaded all files into a folder named "Check." The music files would then automatically load into iTunes without me having to do anything. Once in a while I would check the contents of the "Check" folder. In this instance, I moved the folder from the iMac to the Toshiba external drive and deleted the folder from the iMac without ever having opened it. As indicated at Trial, I also moved the folder named "Untitled Folder" with the images in Counts four and five into the Check folder on the Toshiba drive, but did so without ever opening it. My intention was to check the contents when I got the chance in the near future, but that near future was over-run by events (my arrest). There is no credible basis for Count Seven to exist, and so it should be dismissed. The display of the video and images involved in Count Seven before the Jury, as well as the mere existence of this charge, unfairly prejudiced the Jury in regards to the other charges and therefore the entire Conviction must be Vacated.

Request to have the Conviction Vacated due to the unfair and Prejudicial Nature of Government Exhibits 13, 14, and 15.

Government Exhibits 13, 14, and 15 were items taken from my storage unit. All of these publications were legal to possess, and the vast majority were purchased at national chain bookstores. All of them were purchased when I was in my Twenties with the exception of "Show Me" which was purchased from a national chain bookstore when I was 11 or 12. They were not inappropriate for a person my age to purchase at the times that I made the purchases. They were shoved into the storage unit a long, long time ago and did not see the light of day until the search warrant. I knew they were there, but disposing of them was not a priority. I needed to go through the entire storage unit someday when I got the chance, to decide what to keep and what to toss. They would have been in the toss category. However, Mr. Brown used the existence of these legal items that I had purchased twenty or more years ago to attack my character, and to string together a series of circumstantial items in an attempt to show I had violated the law somehow. I did not violate the law, but by using Government Exhibits 13, 14, and 15 Mr. Brown was able to fool the jury. The conviction needs to be overturned and the Government needs to be prohibited from using these exhibits at any future trial, so as to prevent another attempt at character assassination and to prevent them from creating the illusion of a crime where none really existed.

Request for the Conviction to be Vacated due to the Government introducing items which were beyond the scope of the indictment

Prior to trial, in the status conferences that were held before you, Mr. Brown indicated that the Government was not going to include items that were not in the indictment. Mr. Brown violated that by presenting Government Exhibits 13, 14, and 15 (the items taken from my storage unit) and by calling Mr. Greenum back to the stand to discuss a CD from 2005 that had been found in my house. Neither the CD, nor any of its contents were included in the indictment. Therefore, the jury was presented with allegations that were outside of the scope of the indictment that they were being asked to consider. The remedy for this is to vacate the conviction.

Request that the Conviction be Vacated due to unfair and inaccurate Theatrics on the part of the Government.

Our Contention was never that Unwanted (i.e. illegal) files did not arrive on my Computer, but rather that illegal files were not Sought after or intentionally downloaded. When they were accidentally downloaded and discovered, they were promptly deleted. I never Violated Federal Statutes by knowingly downloading or possessing Child pornography. Mr. Greenum testified that when a file is deleted it can continue to live in unallocated spaces until it is overwritten by another file. While a file is in unallocated spaces it cannot be accessed by the user. The existence of illegal pornographic files in unallocated spaces clearly supports our position, that these files were deleted, not collected. I did the right thing by deleting them. Yet, Mr. Brown continued to badger me in front of the Jury about having deleted nine illegal files from my computer which my daughter now uses and I believe he also mentioned deleted files on my other computers. He repeated that so much that it left the Jury with the impression that I had done something wrong instead of the truth, which is that I had done the right thing — I deleted those vile things as soon as I found that they were there. Mr. Brown's antics unfairly influenced the Jury to come to the wrong conclusion. Therefore I request that the entire Conviction be Vacated.

# Request for Release

I request to be released on my own honor, or with a small bond, while these other requests are considered and decisions are made. If this request is granted I will be able to work closer with my lawyers and communicate with them more frequently. I am currently in the process of replacing my first attorney, Borden Hallowes, who was handling the state case and was supposed to represent me in the divorce. This is extremely difficult to do while being detained. I am not able to locate other lawyers, research them, or contact them in my present circumstances. And you are well aware of the difficulty I have had in contacting Mr. Truncale. In fairness to him, Folkston is over an hour away from Jacksonville, so it is very difficult for him to come to meet with me. Being granted release would ease the situation significantly, for to prepare for all of my legal battles with my different lawyers is virtually impossible while remaining in custody.

I would not attempt to communicate or have contact with my daughter until after I have been victorious in both the Federal and State cases, but I may need to communicate (via phone or e-mail) with my former wife as I do not know if I have any property left or if she has disposed of it all. In addition, she has just filed for bankruptcy, so I need to obtain details of that, and find out how that affects me. I am very employable and have two mentors who own their own businesses, so I believe I will be able to secure a job in short order. I will gladly help my former wife financially. I am requesting your great mercy in granting me release while the case is pending. A year ago I had assets available to post a significant bond, but now I do not. Please trust that I have no intention of fleeing as I am not guilty and I believe I can prove it given a fair opportunity. In addition, I know that running would significantly harm my case, and having worked for FDLE, I know there is no place I could hide that I would not be found fairly quickly.

The State does have a hold on me, but I do not know the details. Since I am now under your authority, can you not release me? Would I not return to the State only once the Federal case is

Request for Release Continued

Completely over? If the answer is no, and I would need bond in both courts, please grant me bond or release anyway and I will also seek it from Judge Mahon in State Court. Thank you.