```
                IN THE UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF FLORIDA
                       JACKSONVILLE DIVISION

UNITED STATES OF AMERICA,      Jacksonville, Florida

        Plaintiff,             Case No. 3:09-cr-387-J-32MCR

vs.                            November 23, 2010

ROBERT ALLAN COWAN,            10:52 a.m.

        Defendant.             Courtroom No. 5C
```

```
            DIGITALLY RECORDED MOTION HEARING
         BEFORE THE HONORABLE MONTE C. RICHARDSON
              UNITED STATES MAGISTRATE JUDGE
```

GOVERNMENT COUNSEL:

    **D. RODNEY BROWN, ESQ.**
    United States Attorney's Office
    300 North Hogan Street, Suite 700
    Jacksonville, Florida  32202

DEFENSE COUNSEL:

    **CHARLES L. TRUNCALE, ESQ.**
    Law Office of Charles L. Truncale, P.A.
    233 East Bay Street, Suite 1101
    Jacksonville, Florida 32202

COURT REPORTER:

    Shannon M. Bishop, RMR, CRR
    221 North Hogan Street, #150
    Jacksonville, Florida 32202
    Telephone:  (904)549-1307   Fax:   (904)301-6844
    dsmabishop@yahoo.com

(Proceedings reported by microprocessor stenography; transcript produced by computer.)

```
 1                    P R O C E E D I N G S
 2   November 23, 2010                              10:52 a.m.
 3                            - - -
 4           COURT SECURITY OFFICER:  ...in and for the Middle
 5   District of Florida is now in session.  Honorable Monte C.
 6   Richardson presiding.
 7           THE COURT:  The first case is Case No.
 8   3:09-cr-387-J-32MCR, United States of America versus Robert
 9   Cowan.
10           And who speaks for the United States?
11           MR. BROWN:  Rodney Brown.  Good morning, Your
12   Honor.
13           THE COURT:  Good morning, Counsel.
14           And for the defense?
15           MR. TRUNCALE:  Charles Truncale, for Mr. Cowan.
16           THE COURT:  Mr. Truncale, welcome, as well.
17           And we're scheduled for a motion to withdraw filed
18   by counsel.  It indicates that the undersigned was CJA
19   appointed to represent Mr. Cowan and represented the
20   defendant through trial.
21           After the trial Mr. Cowan expressed disagreement
22   with Mr. Truncale's sentencing strategy and decision to
23   forego a motion for a new trial.
24           Apparently, Mr. Cowan believes that counsel failed
25   to effectively represent him at trial, and also indicates,
```

 1  according to counsel, that the attorney/client relationship
 2  has been irreconcilably broken down.  There's an apparent
 3  lack of trust, according to counsel's motion.
 4          Mr. Truncale, anything else you need to put on the
 5  record?
 6          MR. TRUNCALE:  Yes.  If I may, Your Honor?
 7          THE COURT:  Yes.
 8          MR. TRUNCALE:  Your Honor, first of all, I --
 9  Mr. Cowan and I had a good relationship all throughout
10  trial.
11          The problem, in a nutshell, is that there were --
12  there was a desire on his part to raise numerous grounds for
13  a new trial, all of which I discussed with him and fully
14  disagreed with the legal analysis, and could not -- and I
15  chose not to file a motion for new trial because I did not
16  see that the grounds were -- had any likelihood of success.
17          Having said that, there was one ground in which --
18  in which I would actually be a -- a factual witness against
19  him, one ground.
20          And that is -- there was a death of a family
21  member at the end of the evidence in the trial.  And
22  Mr. Cowan believes that up to that point I had been
23  representing him effectively, but he was -- he was not
24  pleased with the closing argument.  And he attributes that
25  to a distraction due to the death in the family.

```
 1              I cannot fact- -- I've told him that I cannot
 2   factually support him in that basis, and that, indeed,
 3   should he decide to file a collateral attack in the event of
 4   an unsuccessful direct appeal, that I would not be able to
 5   assist him, and I would actually be contrary to him.  I
 6   would be a contrary fact witness.
 7              With that, both he and I -- and that's probably
 8   the most serious problem, that -- we believe that it's --
 9   it's not in his best interest to have me continue to
10   represent him when he knows that he's going to be pursuing
11   that, if necessary, if he doesn't prevail on appeal.
12              Again, I -- we had a good relationship.  And I
13   believe the trial -- I -- I can honestly say I -- I cannot
14   think of a trial that was conducted more fairly by a judge
15   with regard to any citizen in the United States for any
16   charge.
17              My strategy is to assist him in getting the lowest
18   possible sentence.  His strategy is -- and he believes he
19   has a possibility of success on appeal, particularly with
20   regard to a new trial motion.
21              Having said that, if the court were -- were to
22   permit me to withdraw -- and I believe Mr. Cowan would
23   say the -- everything I said, I think he would agree with.
24   And I urge the court to even ask him that.
25              But if I were permitted to withdraw, hopefully,
```

1  maybe -- the government might -- might allow a procedure
2  whereby new counsel would be permitted to obtain transcripts
3  of the trial and -- and, actually, the status conferences.
4  There were several status conferences where many, many
5  evidentiary issues were resolved before trial.
6          New counsel would have to read all of that to
7  understand that what was presented at trial was voluntarily
8  limited -- the evidence was voluntarily limited by the
9  government in many respects.
10         And I think just to read the trial transcripts
11 would not give the new lawyer the understanding of these --
12 of the case for purposes of a motion for new trial.
13         I would hope that the court would also permit new
14 counsel a certain time to review the transcripts and file a
15 motion for a new trial, because, again, that -- that would,
16 number one, ensure fairness to Mr. Cowan in the event I am
17 mistaken -- I do not believe I am.
18         But in the event I am mistaken, at least that
19 would resolve an issue for -- another potential issue for
20 2255 purposes.
21         But, more important, so that counsel and him -- so
22 that he can understand he's getting a fair representation
23 both post trial through sentencing.  I ask that.
24         It's -- it's -- of course, the government may --
25 Mr. Brown may have a difference of opinion on extending the

```
 1  time for a motion for new trial.  I don't know.  But I -- I
 2  just feel that I have to ask that to protect Mr. Cowan's
 3  interests, and to protect the record.
 4           THE COURT:  Mr. Brown?
 5           MR. BROWN:  Your Honor, we have no objection to
 6  the motion to withdraw.
 7           THE COURT:  Mr. Cowan?
 8           THE DEFENDANT:  Sir?
 9           THE COURT:  Do you concur with Mr. Truncale's
10  assessment?
11           THE DEFENDANT:  Yes, sir, I do.
12           THE COURT:  Mr. Truncale is one of our most able
13  trial lawyers here in Middle Florida.
14           THE DEFENDANT:  Yes, sir.
15           THE COURT:  He has extensive criminal experience.
16           THE DEFENDANT:  Yes, sir.
17           THE COURT:  And, obviously, he gave you his
18  professional assessment of the evidence.
19           THE DEFENDANT:  Yes, sir.
20           THE COURT:  Notwithstanding that fact, it's your
21  opinion that the relationship is broken?
22           THE DEFENDANT:  Yes, sir.
23           THE COURT:  All right.  Well, what I will do is
24  allow counsel to withdraw in this case and appoint new
25  counsel to represent Mr. Cowan.
```

```
 1              I will let the new counsel know that there are
 2   transcripts to be reviewed, as well as statuses or other
 3   evidentiary issues, so that counsel can make a full
 4   assessment, as well.
 5              Now, Mr. Cowan, this new counsel may agree with
 6   Mr. Truncale.  You understand that, don't you?
 7              THE DEFENDANT:  Yes.  I do understand that.  Yes,
 8   sir.
 9              THE COURT:  All right.  So then we'll be right
10   back where we are.
11              THE DEFENDANT:  Yes, sir, we will.  And my opinion
12   will have been changed at that point.
13              THE COURT:  Okay.  All right.  Well, we'll appoint
14   new counsel to represent you.
15              THE DEFENDANT:  Thank you, sir.
16              THE COURT:  Is there anything further, Mr. Brown?
17              MR. BROWN:  No, Your Honor.
18              MR. TRUNCALE:  Yes, Your Honor.  Mr. Cowan asked
19   if it were possible -- I guess it's a pro se request on his
20   part at this point.
21              But he has a no visitation policy, I guess, on
22   his -- I guess it's on his detention order.  It could be
23   because of the charge.  I don't know.  But he's in solitary
24   confinement.
25              He has people who do wish to visit with him.  In
```

```
 1  fact, his ex-wife wanted to visit with him two weeks ago and
 2  could not because of a no visitation policy.  I wonder if
 3  the court would consider lifting that.
 4           I don't know how there could be any harm to
 5  anyone.  The visitation is in confined quarters in the
 6  Folkston prison facility.
 7           I know there would be no harm to -- to anyone at
 8  all.  I mean, there's no direct contact.  There's a -- I
 9  believe --
10           THE COURT:  What about that, Mr. Brown?
11           MR. BROWN:  Your Honor, can we have a sidebar?
12           MR. TRUNCALE:  Sure.
13           THE COURT:  Sure.
14           (Sidebar conference not recorded.)
15           THE COURT:  At this time, in light of the sidebar
16  conference, I will defer any ruling on the visitation at
17  this time, until we can appoint new counsel and develop
18  additional information about the policies at the prison.
19  And then I'll be in a better position to rule on that.
20           You understand, Mr. Cowan?
21           THE DEFENDANT:  Yes, sir, I do, sir.
22           THE COURT:  All right.
23           Anything further, Mr. Brown?
24           MR. BROWN:  No, Your Honor.
25           THE COURT:  Mr. Truncale?
```

1         MR. TRUNCALE:  No, Your Honor.
2         THE COURT:  All right.  And I believe we are here
3 for another matter, as well.  We'll be in recess on the
4 Cowan matter.
5         (The digitally recorded proceedings concluded at
6 11:07 a.m.)
7                         - - -
8

**CERTIFICATE**

UNITED STATES DISTRICT COURT )
                             )
MIDDLE DISTRICT OF FLORIDA   )


        I hereby certify that the foregoing transcript is
a true and correct computer-aided transcription of my
stenotype notes taken at the time and place indicated
herein.


        DATED this 27th day of May 2011.



                         s/Shannon M. Bishop
                         Shannon M. Bishop, RMR, CRR