UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.  Case No. 3:09-cr-387-J-32MCR

ROBERT ALLAN COWAN

_____

**UNITED STATES' SENTENCING MEMORANDUM**

The United States of America, by and through the undersigned Assistant United States Attorney, files this sentencing memorandum in this case, and states as follows:

**Memorandum of Law**

On October 7, 2010, defendant was found guilty after a jury trial of production, receipt and possession of child pornography. For each of the two production counts, he faces a sentence of not less than 15 years and not more than 30 years in prison. For each of the three receipt counts, he faces a sentence of not less than 5 years and not more than 20 years in prison. On each on the two possession counts, defendant faces up to 10 years in prison. The presentence investigative report (the "PSR") prepared by the Probation Office correctly shows that defendant's total offense level is driven by the base offense level 32 for production of child pornography (the most serious offenses of conviction), the tender age of the victim child (+4 levels), the sexual contact with the victim child (+2 levels), his status in relationship to the victim child (+2 levels) and his decision to provide false testimony at trial and thereby obstruct the administration of

justice (+2 levels).  Based upon a Criminal History Category I and total offense level 43[1], defendant's advisory sentencing guideline term of imprisonment is life.  Because the statutory maximum on each count is less than the advisory guidelines range of life imprisonment, the statutory maximum on each count becomes the advisory guidelines range for each count, i.e., 30 years on each of Counts Four and Five, 20 years on each of Counts One, Two and Three, and 10 years on each of Counts Six and Seven.  See United States v. Sarras, 575 F.3d 1191, 1208 (11th Cir. 2009) (citing U.S.S.G. §5G1.1(a)).

Further, U.S.S.G. §5G1.2(d) provides that the statutory maximum sentences shall run consecutively:

> If the sentence imposed on the count carrying the highest statutory maximum is less than the total punishment, then the sentence imposed on one or more of the other counts shall run consecutively, but only to the extent necessary to produce a combined sentence equal to the total punishment.

U.S.S.G. §5G1.2(d).  The "total punishment" under the sentencing guidelines in this case call for life imprisonment.  See U.S.S.G. §5G1.2, cmt. n.1; see also Sarras, 575 F.3d at 1208.  The statutory maximum for the most serious counts (Counts Three and Four) is 30 years.  Because the statutory maximum was less than the total guidelines punishment of life imprisonment, U.S.S.G. §5G1.2(d) calls for the sentences for multiple counts to run consecutively as the advisory guideline sentence.  Sarras, 575 F.3d at

---

[1] Defendant's actual total offense level is 45, but it is reduced to level 43 pursuant to U.S.S.G. Ch. 5, Pt. A, cmt. n.3.  Prior to such reduction and pursuant to U.S.S.G. §3D1.4, the total offense level was increased by 3 levels due to the adjustment for multiple counts.

1209 (citation omitted). Accordingly, the PSR correctly states that defendant's advisory guideline range is 1,680 months (i.e., 20+20+20+30+30+10+10 = 140 years)[2].

In two separate filings (Docs. 104 and 112), defendant notices his reliance on the Third Circuit's decision in United States v. Grober, 624 F.3d 592, 608 (3d Cir. 2010), presumably for the proposition that district courts may reject U.S.S.G. §2G2.2 as fundamentally flawed. Defendant's reliance on Grober is mistaken. First, Grober is not controlling precedent in this Circuit. Also, Grober does not speak to the controlling sentencing guideline in this case, U.S.S.G. §2G2.1. Indeed, the defendant in Grober was guilty of receipt and possession of child pornography, not production. Id. at 596.

That said, U.S.S.G. §2G2.2 does play a role in this case as noted by the PSR. In any event, defendant's reliance on the Grober decision seemingly ignores the Eleventh Circuit's decision in United States v. Pugh, 515 F.3d 1179 (11th Cir. 2008). In Pugh, the Eleventh Circuit rejected the argument that U.S.S.G. §2G2.2 was somehow lacking because it was not based on "'empirical data and national experience.'" Id. at 1201 n. 15 (citation omitted). Indeed, the Pugh court held that Section 2G2.2 does "not exhibit the deficiencies that Supreme Court identified in Kimbrough [v. United States, 552 U.S. 85 (2007)]." Id. Since Pugh, the Eleventh Circuit has repeatedly rejected attacks on U.S.S.G. §2G2.2 based on so-called "lack of empirical data" and/or "national experience." See United States v. Portney, 381 Fed.Appx. 899, 901 (11th Cir. 2010) (court rejected defense argument that U.S.S.G. §2G2.2 should be given little weight

---

[2] In his objections, defendant states that the recommended guideline sentence of 1,680 months imprisonment "indirectly violates the maximum statutory term of custody." Defendant's Objections to PSI at [unnumbered] 2. For the reasons discussed above, defendant is wrong.

because it was developed based on Congressional mandate, not empirical data); <u>United States v. Lynch</u>, 343 Fed.Appx. 570, 572 n. 3 (11th Cir. 2009); <u>United States v. Goines</u>, 304 Fed.Appx. 840, 842 n. 1 (11th Cir. 2008).  Accordingly, defendant's reliance on <u>Grober</u> is misplaced, and his argument on this issue is foreclosed by Eleventh Circuit precedent.  See <u>Portney</u>, 381 Fed.Appx. at 901.

     Defendant's implied attack on U.S.S.G. §2G2.2 (and U.S.S.G. §2G2.1 by implication) should ring hollow in this Court, not just because it is preempted by controlling precedent, but for sound policy reasons as well.  In <u>United States v. Cunningham</u>, 680 F.Supp.2d 844 (N.D. Ohio 2010), the court noted:

> As internet access grew across the country, so did the online community of pedophiles that supports the market for child pornography.  Rather than remain silent, Congress acted.  In turn, the [Sentencing] Commission used empirical data and its own expertise to craft appropriate guideline amendments.  This Court, therefore, declines to join those district judges that have found otherwise.

<u>Id.</u> at 851.  In dealing with a similar attack on the child pornography guidelines, the court in <u>United States v. Johnson</u>, 765 F.Supp.2d 779 (E.D. Tex. 2010)[3], was emphatic about the respective roles of Congress, the Sentencing Commission, and the courts:

> Judicial discretion is not based upon the theory that the court is in a special position to correct or improve congressional enactments.  Rather, judicial discretion is appropriate because, while Congress must make policy decisions that affect and promote a national system of justice, the sentencing court is familiar with the facts of the individual case, and has the opportunity to evaluate the Defendant in

---

[3] In <u>Johnson</u>, the court rejected the argument that the Sentencing Guidelines applicable to possession of child pornography can be ignored or disparaged simply because some writers or courts have concluded that Congress was involved in increasing those guideline ranges.  <u>Id.</u>

> person. The court may, after considering the particular aspects of the case in light of the 18 U.S.C. § 3553 factors, decide to depart or vary from the Guidelines. (citation omitted). <u>Gratuitous attacks on the Guidelines or Congress by a defendant for "policy reasons" add nothing to the particular analysis of a particular case, or to the law in general.</u>

Id. at 782 (emphasis added). The United States respecfully requests that this Court be guided by these sound principles and advised by the applicable sentencing guidelines in this case.

Defendant's filings in this case imply that the Court should not impose the sentence provided by the PSR guidelines, that is, that the recommended guideline sentence would be unreasonable. To the contrary, a sentence called for by the sentencing guidelines would be reasonable under the circumstances of this case. See United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005) (noting that "ordinarily we would expect a sentence within the Guidelines range to be reasonable").

This Court is properly guided by the advisory sentencing guidelines, the factors set forth in Title 18, United States Code, Section 3553(a), and the policy statements in the Eleventh Circuit's *en banc* decision in United States v. Irey, 612 F.3d 1160 (11th Cir. 2010). The Irey court noted that "[c]hild sex crimes are among the most egregious and despicable of societal and criminal offenses. Id. at 1206. As stated above, in the Sarras case, the Eleventh Circuit affirmed as reasonable a 100-year (1,200 months) sentence for a first-time offender who sexually abused a 13-year-old girl and produced pornographic images of the victim. Id. at 1220-21. The Sarras court noted several other recent child exploitation cases in which courts upheld lengthy sentences as substantively reasonable. Id.; see United States v. Johnson, 451 F.3d 1239, 1244 (11th

Cir. 2006) (upholding as reasonable a 140-year sentence for abusing and photographing three boys between the ages of 8 and 16 based on consecutive statutory maximums under 18 U.S.C. § 2251(e) and § 2252A(b)(1)); United States v. Kapordelis, 569 F.3d at 1318-19 (upholding as reasonable a 420-month sentence, which represented an upward variance from the 262-327-month advisory guidelines range and included 240-month sentences on counts charging production of child pornography under § 2251(a) and 180-month consecutive sentences on counts charging receipt of child pornography under § 2252A(a)(2)(A)); United States v. Huffstatler, 561 F.3d 694, 698 (7th Cir. 2009) (upholding as reasonable an above-guidelines, 450-month sentence for producing pornographic pictures of a 14-year-old boy); United States v. Raplinger, 555 F.3d 687, 695 (8th Cir. 2009) (upholding as reasonable a 457-month sentence for photographing and having sexual intercourse with a 15-year-old girl), cert. denied, 129 S.Ct. 2814 (2009); United States v. Betcher, 534 F.3d 820, 827-28 (8th Cir. 2008) (upholding as reasonable a 750-year sentence for a first-time offender who had taken pornographic pictures of five 8- to 11-year-old girls, including two of his granddaughters), cert. denied, 129 S.Ct. 962 (2009); United States v. Vowell, 516 F.3d 503, 511-13 (6th Cir. 2008) (upholding as reasonable a 780-month sentence for a 40-year-old man who had sexual intercourse with his girlfriend's 8-year-old daughter while being videotaped by his girlfriend); see also United States v. Paton, 535 F.3d 829, 837-38 (8th Cir. 2008) (concluding that life sentence for five counts of production of child pornography was not cruel and unusual punishment in violation of the Eighth Amendment); Pugh, 515 F.3d at 1202 ("[W]e have typically treated child sex offenses as serious crimes, upholding severe sentences in these cases.")

In Sarras, the Eleventh Circuit found that the district court properly considered the Section 3553(a) factors and expounded on several of them at sentencing. Id. at 1220. Specifically, the court noted that the district court considered "the despicable offense that [Sarras] committed," "the fact that the victim will probably, even with counseling, never recover from this," and "[Sarra's] lack of remorse." Id. The Eleventh Circuit affirmed the district court's calculation of the advisory guidelines as well as the rendering of a 1,200-month sentence by stacking the counts consecutively. Id. at 1221. In doing so, the Eleventh Circuit determined that "the district court imposed a sentence that reflects the nature and circumstances of the offense and the other considerations stated in § 3553(a). Thus, the district court committed no sentencing error in choosing to impose an advisory guidelines sentence of 1,200 months' imprisonment in this case." Id.

In this case, defendant's offenses are equally despicable and worthy of severe punishment. It is difficult to quantify, much less fathom, the harm and tragedy perpetrated on the 4-year old child victim (and the victim's mother) by defendant, and it is impossible to predict its long-term effects on the child victim. Unfortunately, the child victim may never recover the abuse inflicted by defendant, a person whom the child loved and trusted. Defendant supplemented these horrific acts by downloading and collecting many graphic images and videos of other young children being raped and abused. Defendant has shown no remorse for his crimes[4]; rather, he has denied any

---

[4] To the contrary, in this case defendant has maintained his innocence as to the counts of conviction, has not accepted responsibility for his offense conduct, and "testified falsely" at trial. See PSR at 12.

7

responsibility therefor. Accordingly, the United States respectfully requests that, after considering the facts and circumstances of this case, the relevant guidelines, the applicable law in Sarras, and the factors set forth in 18 U.S.C. § 3553(a), this Court sentence defendant to a term of 140 years (1,680 months) imprisonment and a life term of supervised release. Such a sentence would be substantively reasonable, serve the goals of general and specific deterrence, protect the public from future crimes by defendant by achieving his incapacitation, and afford justice to the child victim.

Respectfully submitted,

ROBERT E. O'NEILL
United States Attorney

By: /s/ D. Rodney Brown
D. RODNEY BROWN
Assistant United States Attorney
Florida Bar No. 0906689
300 N. Hogan Street, Suite 700
Jacksonville, Florida 32202-4270
Telephone: (904) 301-6300
Facsimile: (904) 301-6310
E-mail: rodney.brown@usdoj.gov

U.S. v. ROBERT ALLAN COWAN             Case No. 3:09-cr-387-J-32MCR

## CERTIFICATE OF SERVICE

I hereby certify that on July 12, 2011, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

>Noel G. Lawrence, Esq.

I also hereby certify that on July 12, 2011, a copy of this document was provided by hand delivery to the following:

>Carlos R. Dawson
>Senior U.S. Probation Officer

>*s/ D. Rodney Brown*
>D. RODNEY BROWN
>Assistant United States Attorney