UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO.:   3:09-cr-00387-TJC-MCR

UNITED STATES OF AMERICA

vs.

ROBERT ALLAN COWAN
_____/

**DEFENDANT'S SENTENCING MEMORANDUM**

**COMES NOW**, the Defendant, by and through the undersigned counsel and files this Sentencing Memorandum and says:

1.  **Paragraph 29 [Part A. The Base Offense Level; USSG §2G2.2(a)(2)]**. The defendant objects to the application of base offense level 22, arguing that because Counts Six and Seven are governed by 18 U.S.C. § 2252(a)(4), the base offense level should be 18 as specified at §2G2.2(a)(1), instead of §2G2.2(a)(2).

*The probation office's reliance on U.S.S.G. § 1B1.1, App. Note 5 is misplaced. That paragraph relates to guideline provision(s) not the different sections nor sub-sections in a particular guideline provision. (emphasis supplied). There is no competing nor conflicting guideline provisions in this case. See* U.S. v. Anderson, *326 F.3d 1319, 1331 (11th Cir. 2003).*

*Similarly, U.S.S.G. § 1B1.1(a)(2), specifically and unequivocally provides that the*

Page 1

*base offense level should be utilized in the order listed. The said provision instructs district courts to determine base offense level... "contained in the <u>particular guideline</u>..." in the order listed; U.S.S.G. § 2G2.2 [listing base offense level 18 first – § 2G2.2(a)(1)]. The latter expressly refers to a § 2252(a)(4) conviction. Hence, the district court is obligated to impose the first base offense level since an offense of conviction (in the groupable offenses) is expressly stated therein.*

*To the extent the applicable courts are grouped (pursuant to U.S.S.G. § 3D1.2d effective November 1, 2001), the guideline provision U.S.S.G. 2G2.2 expressly referencing a § 2252 (a)(4) conviction controls to warrant application of § (a)(1) therein. Hence, the probation office's use of the other sub-section (a)(2) is ill-advised.*

2.  **Paragraph 31 [Part A. Material Portraying Sadistic or Masochistic Conduct or Other Depictions of Violence; USSG §2G2.2(b)(4)].** The defendant objects to the increase for this specific offense characteristic, arguing that there was no intent shown in the facts of the case, that the probation office applied a "strict liability requirement"; and, that possession of an image that portrays sadistic conduct is not relevant conduct to sending child pornography. In support of his arguments, the defendant cites <u>United States v. Tucker</u>, 136 F.3d 763 (11th Cir. 1998), <u>United States v. Kimbrough</u>, 69 F.3d 723 (5th Cir. 1995), and <u>United States v. Dunlap</u>, 279 F.3d 965 (11th Cir. 2002).

*In <u>U.S. v. Kimbrough</u>, 69 F.3d 723 (5th Cir. 1995) (upholding the trial court's finding that defendant "intentionally" ordered and possessed portrayals of sadistic or*

*masochistic content);* **and** *U.S. v. Tucker, 136 F. 3d 763 (11th Cir. 1998) (finding intent to possess sadistic child pornography based on pictures of minors in bondage located on the hard drive of defendant's computer), the Eleventh Circuit Court maintains that the enhancement herein requires a showing of intent. (emphasis supplied) Admittedly, subsection (b)(4) does not itself expressly contain any mens rea requirement, and contrary to the 11th Circuit, the Seventh and Eighth Circuits have held that there is "strict liability" for receiving violent child pornography and thus the enhancement applies regardless of whether defendant intended to receive such materials. In Tucker, however the court held:*

> *Although this court has not specifically addressed enhancement under U.S.S.G. § 2G2.2(b)(3), it has held that an enhancement under U.S.S.G. § 2G2.2(b)(1) for possession of material involving a minor who is prepubescent or under the age of 12 requires the government to show that the defendant intended to receive such material. United States v. Cole, 61 F.3d 24, 24 (11th Cir.1995) (quoting United States v. Saylor, 959 F.2d 198, 200 (11th Cir.1992))).*
> *The Fifth Circuit has found that enhancement under § 2G2.2(b)(3) has an intent requirement. In United States v. Kimbrough, 69 F.3d 723, 734 (5th Cir.1995), cert. denied, 517 U.S. 1157, 116 S. Ct. 1547, 134 L. Ed. 2d 650 (1996), the court found that pictures of a minor female in bondage downloaded onto the defendant's computer were sufficient evidence to conclude that the defendant had intentionally ordered and possessed pornography that depicted sadistic or masochistic conduct. In United States v. Canada, 110 F.3d 260,264 (5th Cir.), cert. denied, U.S. , 118 S. Ct. 195, 139 L. Ed. 2d 133 (1997), the court found an enhancement under § 2G2.2(b)(1) was supported by evidence of sadistic material and active trading in child pornography was found on the hard drive of the defendant's computer.*
> *We adopt the reasoning of the Fifth Circuit and find that intent is a necessary requirement of a § 2G2.2(b)(1) enhancement, and find that there was sufficient evidence that Tucker intended to possess material depicting minors involved in sadistic, masochistic, or other violent acts. Tucker concedes that pictures of minors in bondage were located on the hard drive of his computer. The*

*government introduced Internet conversations taken from Tucker's computer which showed that while he was looking for pictures he stated that he was into "young action" and would "like to start trading (3)27" and introduced a listing of Internet conversations documenting Tucker's trading of such images. We conclude that the district court properly assessed Tucker a four-level enhancement for intending to possess material depicting minors involved in sadistic, masochistic, or other violent acts.* <u>Tucker</u>*, at 763-4.*

*The* <u>Tucker</u> *reasoning and rationale, but not its conclusion, apply with equal force to this case.*

3.  **Paragraph 32 [Part A. Pattern of Activity Involving Sexual Abuse or Exploitation of a Minor; USSG §2G2.2(b)(5)].** The defendant objects to the application of the 5-level increase, arguing that the offense only involves possession, and specifically excludes viewing, receipt, or trafficking. The defendant also contends that even if the offense is construed to have involved sexual abuse or exploitation, there would be only one such occurrence, falling short of the two required under the guideline.

*This provision requires implicitly a commission of a physical sexual contact. The defendant's picture taking of his child would not qualify under the guidelines, as otherwise charged under Counts 4 and 5. Similarly, the videos or chips of unrelated individuals garnered from the internet is specifically not covered under this section. See U.S.S.G. § 2G2.2, Commentary (note 1) [definitions].*

*Defendant specifically objects to the inclusion of uncharged (federally) unproven and untested conduct as contained in the Information filed by the State of Florida. The government is obligated to present reliable and credible evidence at sentencing upon which the court must make explicit findings of fact as to credibility, and defendant has had an opportunity to rebut the evidence.*

4.      **Paragraph 33 [Part A. Use of a Computer; USSG §2G2.2(b)(6)]**. The defendant objects to the increase for this specific offense characteristic, arguing that it constitutes impermissible double counting, in light of the application of the increase for "pattern of sexual abuse or exploitation" as discussed in objection 2 above.

*Objection to paragraph 33 is withdrawn.*

5.      **Paragraph 34 [Part A. Number of Images; USSG §2G2.2(b)(7)(D)]**. The defendant objects to the inclusion of video-clips in the determination of the number of images, arguing that video-clip is "loosely defined" and that images in temporary internet files of unsophisticated users should not be used to increase the offense level.

*Cowan argues that a distinction must be made as to the nature of the images on his computer and that there is a difference between downloaded images and images obtained through the internet cache or internet temporary folder. In* U.S. v. Romm, *455 F.3rd 990 (9th Cir.2006). Justice Bea explained the difference between the downloaded file and the internet cache as:*

> *The "internet cache" or "internet temporary folder" is a set of files kept by a web browser to avoid having to download the same material repeatedly. Most web browsers keep copies of all of the web pages that you have viewed, up to a certain limit, so that the same images can be redisplayed quickly when you go back to them. (Citation omitted). According to expert testimony at trial, the cache is a set of files on the user's hard drive (n. 1,* Romm, *supra @ 993).*

*Although* Romm, *supra, focused on the possession of the images to determine whether in fact Romm did possess child pornography, the argument is similar to exclude the 600 plus images enhancement found at U.S.S.G. 2 G 2.2(b)(7)(D). See also* U.S. v. Mauldin, *224 Fed. Appx. 915 (11th Cir. 2007).*

6.     **Paragraphs 37, 45, 52 [Part A. Obstruction of Justice; USSG §3C1.1].** The defendant objects to this 2-level adjustment, arguing that "the jury simply did not credit his testimony."

*Concededly, the perjury adjustment has been applied for giving false testimony at trial, including cases where defendant's testimony is irreconcilable with the jury's verdict. Nonetheless, a higher standard of proof was suggested by the wording of Application Note 2 before it was amended in 1997. In its "reasons for amendment" the Commission said that it "no longer suggests the use of a heightened standard of proof. See, "Reason for Amendment" in Appendix C, Amendment 566. Instead, the amendment cautioned that "inaccurate testimony or statements sometimes may result from confusion, mistake or faulty memory and, thus, not all inaccurate testimony or statements necessarily reflect a willful attempt to obstruct justice. See also, <u>U.S. v. Dunnigan</u>, 507 U.S. 87, 113 S. Ct. 1111, 122 L. Ed. 2d 445 (1993).*

*The district court must make independent findings that defendant willfully attempted to obstruct justice. It is not sufficient for the court to simply find that the jury thought defendant lied. The court must find that the misrepresentations were willful, material to the investigation or prosecution, and made with specific intent to obstruct justice, rather than as a result of confusion, mistake or faulty memory. <u>U.S. v. Dobbs</u>, 11 F.3d 152 (11th Cir. 1994) [Preferring particularized findings of what portions of defendant's testimony were perjuries, but affirming reliance on more general findings].*

*Of course, the fact that defendant's testimony is contradicted by other witnesses or by the jury's verdict does not, by itself, require the district court to find that the defendant committed*

*perjury, because not all inaccurate testimony reflects a willful attempt to obstruct justice. U.S. v. Hasner, 340 F.3d 1261, 62 Fed. R. Evid. Serv. 213 (11th Cir. 2003) (deferring to district court's finding that defendant did not commit perjury).*

*The defendant's false statements must concern a "material" matter, that is must be relevant to an issue in the case and capable of influencing the jury in its decision about his guilt. The false statements must also be "willful," that is, the defendant must know that he or she is testifying falsely. U.S. v. Vallejo, 297 F.3d 1154 (11th Cir. 2002) (false testimony was material in an extortion case).*

*Additionally, the district court must make findings in support of its decision to impose the enhancement as to each <u>separate</u> count. (emphasis supplied) The probation office's response implicates the groupable counts only, and not Count 4 and 5 which each involved the picture taking of defendant's minor daughter. See, e.g., U.S. v. Perez, 350 Fed. Appx. 425, 430 (11th Cir. Fla 2009) [reversing the enhancement as to Count 1 but affirming same as to Count 2 in a bank robbery case].*

    7.    **Paragraphs 29 - 38 [Part A. Specific Offense Characteristic; USSG §2G2.2(b)(1)].** The defendant objects to the exclusion of a decrease for the offense being limited to contingencies contained in §2G2.2(b)(1), arguing that the offense was limited to the receipt or solicitation of child pornography.

> *The relevant portion reads:*
>
> > *2G2.2 Trafficking in Material Involving the Sexual Exploitation of a minor; Receiving, Transporting, Shipping, Soliciting, or Advertising Material Involving the Sexual Exploitation of a Minor; Possessing with Intent to Traffic; Possession Material Involving the Sexual Exploitation of a Minor*

Page 7

> *(a) Base Offense Level:*
> *(1) 18, if the defendant is convicted of 18 U.S.C. § 1466A(b), § 2252(a)(4), § 2252A(a)(5), or § 2252A(a)(7).*
> *(2) 22, otherwise.*
> *(b) Specific Offense Characteristics*
> *(1) If (A) subsection (a)(2) applies; (B) the defendant's conduct was limited to the receipt or solicitation of material involving the sexual exploitation of a minor; and (C) the defendant did not intend to traffic in, or distribute, such material, <u>decrease by 2 levels</u>. U.S.S.G. § 2G2.2*

*By its explicit singular terms, this subsection applies. In responding to the paragraph 29's objection, the probation office relied on other counts of conviction to support the enhancement. Without waiver, The defendant should be allowed on other Counts in the Indictment to support the reduction, not just the counts which do not nor could relate to this sub-section.* There is no prohibition as to the applicability of this reduction.

8.      **Paragraph 41, 49 [Part A. Offense Involving Sexual Act or Sexual Contact; USSG §2G2.1(b)(2)(A)]**. The defendant objects to a 2-level increase for this provision, arguing that "the commission of a sexual act or contact is not established."

 While the jury verdict is adverse on Counts 4 and 5, defendant respectfully disagrees that the photos were representative of "commission of a sexual act contact" as contemplated by the guidelines.

U.S.S.G. Section 2G2.1(b)(2)(A) provides a two-level enhancement if the "offense include sexual intercourse, oral sex, and the intentional touching, either directly or through the clothing, of private areas with the intent to arouse or gratify the sexual desire of any person. See U.S.S.G. § 2G2.1 cmt. 2 (defining "sexual act" and Sexual contact" by reference to 18 U.S.C. § 2246).

18 U.S.C. 2246 § provides (in relevant portions):

> § 2246. Definitions for chapter

> *As used is this chapter [18 USCS §§ 2241 et seq.]--*
> *(1) the term "prison" means a correctional, detention, or penal facility;*
> *(2) the term **"sexual act"** means–*
> *(A) <u>contact</u> between the penis and the vulva or the penis and the anus, and for purposes of this subparagraph contact involving the penis occurs upon penetration, however slight;*
> *(B) <u>contact</u> between the mouth and the penis, the mouth and the vulva , or the mouth and the anus;*
> *(C) <u>the penetration</u>, however slight, of the anal or genital opening of another by a hand or finger or by any object, with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person; or*
> *(D) <u>the intentional touching</u>, not through the clothing, of the genitalia of another person who has not attained the age of 16 years with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person;*
> *(3) the term **"sexual contact"** means the <u>intentional touching</u>, either directly or through the clothing, of the genitalia, anus, groin, breast, inner thigh, or buttocks of any person with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person; (emphasis supplied)*

A commonsense reading of the entire provisions mandates some form of wilful action on the part of the alleged aggressor; none was demonstrated in the evidence at trial. Henceforth, this section is inapplicable.

9.      **Paragraphs 54 - 62 [Part A. Multiple Count Adjustment; USSG §301.4].** The defendant objects to the determination of units calculated for this adjustment, arguing that the adjustment is "unfair and unreasonable since the conduct involves the same victim in a discrete period of time.

The probation office's explanation is misguided. While the probation office cites to § 3D1.2, comment (n.3)[sic], it totally ignores an analogous example given when the event takes place on the same date i.e. U.S.S.G. § 3D1.2, comment (note 3) [example 4 involving <u>two counts</u>

*of assault on the <u>same officer</u> on the <u>same date</u>]. (emphasis supplied)*

  U.S.S.G. § D1.2 provides (in relevant portions):

> *§3D1.2 <u>Group of Closely Related Counts</u>*
> *All counts involving substantially the same harm shall be grouped together into a single Group. Counts involve substantially the same harm within the meaning of this rule:*
> *<u>(a) When counts involve the same victim and the same act or transaction.</u>*
> *<u>(b) When counts involve the same victim and two or more acts or transactions connected by a common criminal objective or constituting part of a common scheme or plan</u>.*
> *(c) When one of the counts embodies conduct that is treated as a specific offense characteristic in, or other adjustment to, the guideline applicable to another of the counts.*
> *(d) When the offense level is determined largely on the basis of the total amount of harm or loss, the quantity of a substance involved, or some other measure of aggregate harm, or if the offense behavior is ongoing or continuous in nature and the offense guideline is written to cover such behavior...*

  ***<u>Exclusion of an offense from grouping under this subsection does not necessarily preclude grouping under another subsection</u>.***

> 1. *Subsections (a)-(d) set forth circumstances in which counts are to he grouped together into a single Group. Counts are to be grouped together into a single Group if any one or more of the subsections provide for such grouping. Counts for which the statute (A) specifies a term of imprisonment to be imposed; and (B) requires that such term of imprisonment be imposed to run consecutively to any other term of imprisonment are excepted from application of the multiple count rules. See §3D1.1(b)(1),. id. comment. (n.1).*
> 2. *The term "victim" is not intended to include indirect or secondary victims. Generally, there will be one person who is directly and most seriously affected by the offense and is therefore identifiable as the victim. For offenses in which there are no identifiable victims (e.g., drug or immigration offenses, where society at large is the victim), the "victim" for purposes of subsections (a) and (b) is the societal interest that is harmed. In such cases, the counts are grouped together when the societal interests that are harmed are closely related. Where one count, for example, involves unlawfidly entering the United States and the other involves possession of fraudulent evidence of citizenship, the counts are grouped*

>   *together because the societal interests harmed (the interests protected by laws governing immigration) are closely related, In contrast, where one count involves the sale of controlled substances and the other involves an immigration law violation, the counts are not grouped together because different societal interests are harmed. Ambiguities should be resolved in accordance with the purpose of this section as stated in the lead paragraph, i.e. to identify and group "counts involving substantially the same harm."*
>
> 3.  *Under subsection (a), counts are to be grouped together when they represent essentially a single injury or are part of a single criminal episode or transaction involving the same victim. When one count charges an attempt to commit an offense and the other charges the commission of' that offense, or when one count charges an offense based on a general prohibition and the other charges violation of a specific prohibition encompassed in the general prohibition, the counts will be grouped together under subsection (a).*
>     *<u>Examples</u>; (1) The defendant is convicted of forging and uttering the same check. The counts are to he grouped together. (2) The defendant is convicted of kidnapping and assaulting the victim during the course of the kidnapping. The counts are to be grouped together. (3) The defendant is convicted of bid rigging (an antitrust offense) and of mail fraud for signing and mailing a false statement that the bid was competitive. The counts are to be grouped together. (4) **<u>The defendant is convicted of two counts of assault on a federal officer for shooting at the same officer twice while attempting to prevent apprehension as part of a single criminal episode. The counts are to be grouped together</u>**. (5) The defendant is convicted of three counts of unlawfully bringing aliens into the United States, all counts arising out of a single incident. The three counts are to be grouped together, But: (6) The defendant is convicted of two counts of assault on a federal officer for shooting at the officer on two separate days. The counts are not to be grouped together.*
> 4.  *Subsection (b) provides that counts that are part of a single course of conduct with a single criminal objective and represent essentially one composite harm to the same victim are to be  grouped together, even if they constitute legally distinct offenses occurring at different times. This provision does not authorize the grouping of offenses that cannot be considered to represent essentially one composite harm (e.g., robbery of the same victim on different occasions involves multiple, separate instances of fear and risk of harm, not one composite harm)... (emphasis supplied)*

*The highlighted example above more neatly fits the facts and circumstances of this case*

*rather than the one postulated by the probation office.*

    10.    **Paragraph 93 [Part. D - Sentencing Options: Custody].** The defendant objects to the guidelines provisions, arguing that they 'Indirectly violate the maximum statutory term of custody."

*As preserved and dependant on the outcome of the objections herein, defendant disagrees with the guidelines calculations suggesting 140 years.*

    11.    **Paragraph 110 [Part. F - Factors That May Warrant a Sentence Outside the Advisory Guideline System].** The defendant objects to the determination by the probation office that there are no identifiable factors suggesting a variance, arguing, in essence, that the defendant has a constitutional right to the consideration of a variance under recent Supreme Court and other case law.

*We object to paragraph 110- Departures and Variance. Effective April 30, 2003, Congress added 18 U.S.C. § 3553(b)(2) and directly amended guideline § 5K2.0 to limit downward departures in child crimes and sexual offenses to the departures expressly enumerated in part K of the guidelines. After the Supreme Court in* Booker *held that mandatory guidelines violate the Sixth Amendment right to jury trial, six circuits held that § 3553(b)(2) is unconstitutional and must be excised because it virtually prohibits judges from varying the guidelines. See* United States v. Selioutsky, *409 F.3d 114 (2d Cir. 2005);* United Stated v. Hecht, *470 F.3d 177, 181 (4th Cir. 2006);* United States v. Jones, *444 n.54 (5th Cir. 2006);* United States v. Shepherd, *453 F.3d 702 (6th Cir. 2006);* United States v. Grigg, *442 F.3d 560 (7th Cir. 2006);* United States v. Yazzie, *407 F.3d 1139 (10th Cir. 2005) (§ 3553(b)(2) violates the Sixth Amendment).*

Respectfully submitted,
LAW OFFICES OF

NOEL G. LAWRENCE, P.A.


/e/Noel G. Lawrence
Noel G. Lawrence, Esquire
101 East Union Street, Suite 200
Jacksonville, Florida 32202
(904) 356-9928     Fax (904) 356-6762
Florida Bar No.: 844251
Email: nglawren@prodigy.net
*Attorney for Defendant, Robert A. Cowan*


## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 14th day of October, 2011, I electronically filed the foregoing document with the Clerk of Court by using the CM/ECF system which will send a notice of filing to David Rodney Brown, Esquire, 300 North Hogan Street, Suite #700, Jacksonville, Florida 32202.


/s/Noel G. Lawrence
Noel G. Lawrence, Esquire