UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                                               Case No. 3:09-cr-387-J-32MCR

ROBERT ALLAN COWAN

_____

**UNITED STATES' SUPPLEMENTAL SENTENCING MEMORANDUM**

The United States of America, by and through the undersigned Assistant United States Attorney, files this supplemental[1] sentencing memorandum in this case, and states as follows:

**Memorandum of Law**

On October 14, 2011, defendant filed his sentencing memorandum in this case (Doc. 120), which sets forth a number of attacks on the presentence investigative report (the "PSR"). The United States supports the Probation Office's findings and guideline calculations as set forth in the PSR.

**I.   The Probation Office has correctly determined the base offense levels for the offenses of conviction pursuant to USSG §2G2.2(a)(2).**

Defendant objects to the application of base offense level 22 for the receipt and possession counts of conviction (Counts One, Two, Three, Six and Seven), arguing that the lower base offense level of 18 is applicable. Doc. 120 at 1-2. The probation officer has responded that the base offense level of 22 is correct. According to USSG §1B1.1, App. Note 5, "[w]here two or more guideline provisions appear equally applicable, but

---

[1] This memorandum supplements the United States' Amended Sentencing Memorandum filed on July 13, 2011 (Doc. 115).

the guidelines authorize the application of only one such provision, use the provision that results in the greater offense." In this case, because (i) the receipt and possession counts are properly grouped and (ii) USSG §2G2.2(a)(1) and USSG §2G2.2(a)(2) equally apply, the greater offense level of 22 properly applies as the most serious offense comprising the group. See United States v. Anderson, 326 F.3d 1319, 1331-32, n. 4 (11th Cir. 2003) (when two guidelines equally apply to the conduct in a case, "we apply the provision that results in the greater offense level.") (citation omitted).

    **II.    Defendant's collection of child pornography depicted sadistic and masochistic conduct involving minors warranting a 4-level enhancement pursuant to USSG §2G2.2(b)(4).**

Defendant objects to the application of the 4-level enhancement for images and videos of child pornography portraying sadistic or masochistic conduct pursuant to USSG §2G2.2(b)(4). Doc. 120 at 2-4. The vaginal or anal penetration of a young child constitutes sadistic conduct under this guideline. United States v. Hall, 312 F.3d 1250, 1262 (11th Cir. 2002) (court held that sentencing enhancement for portrayal of sadistic conduct is warranted in cases involving images displaying an adult male vaginally or anally penetrating a young child); United States v. Garrett, 190 F.3d 1220, 1224 (11th Cir. 1999) (images of young children being penetrated by adult males and a glass bottle were painful and therefore sadistic).

The gravamen of defendant's argument appears to be that the probation officer has inappropriately applied a "strict liability" standard and that there is insufficient evidence that defendant intended to possess sadistic material. Doc. 120 at 3. The Eleventh Circuit has determined that intent is a necessary requirement of an enhancement for sadistic conduct. United States v. Tucker, 136 F.3d 763, 764 (11th

Cir. 1998). There is sufficient evidence in this case to establish by a preponderance[2] that defendant had intentionally collected and possessed child pornography depicting sadistic conduct. The videos in Counts Two and Three of the indictment each depict young children being brutally raped. At least three of the videos and images listed in Count Six depict infants and young children being raped. One of the images listed in Count Seven shows a prepubescent female being forced to perform fellatio on an adult male. The child's feet are bound by a yellow rope to a metal pole, and there is a leather band wrapped around her neck. Every one of those images and videos were introduced at trial and are now properly considered by the Court for sentencing purposes.

Defendant's argument fails because this Court may easily conclude that defendant intentionally received and possessed sadistic images and videos based upon the evidence adduced at trial, including his collection of child pornography. See United States v. Kimbrough, 69 F.3d 723, 734 (5th Cir. 1995) (pictures of a minor child in bondage downloaded onto the defendant's computer were sufficient evidence to conclude that the defendant had intentionally ordered and possessed sadistic or masochistic images); see also Tucker, 136 F.3d at 764.

---

[2] The United States bears the burden of establishing by a preponderance of the evidence the facts necessary to support a sentencing enhancement. United States v. Morin, 417 F. App'x 885, 886 (11th Cir. 2011) (citation omitted).

### III. The enhancement for defendant's pattern of activity involving the sexual abuse and exploitation of a minor is properly scored.

Next, defendant complains that the 5-level enhancement for his pattern of activity involving the sexual abuse of a minor is inappropriate. Doc. 120 at 4. Defendant misunderstands the application of USSG §2G2.2(b)(5).

Section 2G2.2(b)(5) provides for a 5-level enhancement to a defendant's offense level when a defendant "engaged in a pattern of activity involving the sexual abuse or exploitation of a minor." USSG §2G2.2(b)(5); see also United States v. Anderton, 136 F.3d 747, 750 (11th Cir. 1998)[3]. Application Note 1 to USSG §2G2.2(b)(5) states:

> "Pattern of activity involving the sexual abuse or exploitation of a minor" means any combination of two or more separate instances of the sexual abuse or exploitation of a minor by the defendant, whether or not the abuse or exploitation (A) occurred during the course of the offense; (B) involved the same minor; or (C) resulted in a conviction for such conduct.

USSG §2G2.2(b)(5), App. Note 1. The same application note further defines "sexual abuse or exploitation" as including conduct described in 18 U.S.C. §§ 2242 (sexual abuse), 2243 (sexual abuse of a minor or ward), and 2251(a) (production of child pornography).

In his memorandum, defendant argues that USSG §2G2.2(b)(5) "requires implicitly a commission of a physical sexual contact," and thus defendant's "picture taking of his [victim] would not qualify under the guidelines." Doc. 120 at 4. Defendant is wrong, since production of child pornography in violation of Section 2251(a) is specifically listed in the definitions set forth above. Defendant was convicted of two

---

[3] In 1998, this section was redesignated as USSG §2G2.2(b)(4).

counts of production of child pornography.  This criminal conduct qualifies, at minimum, as "two separate instances of sexual abuse or exploitation of a minor" and thus triggers the 5-level enhancement.  In reality, these two counts involve a total of 17 pornographic photographs of the minor victim that were produced by defendant.  Each photo constitutes a "separate instance[ ] of sexual abuse or exploitation of a minor by defendant."

   Sadly, defendant's pattern of activity involving the sexual abuse and exploitation of his minor victim was not limited to production of child pornography.  Defendant has been charged by the State of Florida with two counts of sexual battery on the same minor victim and his trial on these charges is pending.  At sentencing in this case, the United States will introduce into evidence a video recording of the August 18, 2009 forensic interview of defendant's minor victim.  The minor victim is shown to be a bright 4-year old with excellent language skills.  When asked, the minor victim could not explain the difference between the truth and a lie; however, she was able to correctly distinguish between the two using an example.  The minor victim talked about having "so much fun last night."  She talked about being sexually molested by defendant.  She advised that she was shown a video of "a lady" who was "smaller than [her]" and stated that in the video "she was making her daddy feel good and her daddy made her feel

Case 3:09-cr-00387-TJC-MCR   Document 121   Filed 11/04/11   Page 6 of 16 PageID 1509

good."  The minor victim advised that she watched the video "in [defendant]'s office" on his computer[4].

In sum, this video recording constitutes credible and reliable evidence of defendant's sexual molestation of the minor victim.  Therefore, this Court may rely upon the video recording and the testimony of the investigating officer, Jacksonville Sheriff's Office Detective Larry Baker, as a basis for enhancing defendant's sentence.  See Anderton, 136 F.3d at 751; United States v. Cantellano, 430 F.3d 1142, 1146 (11th Cir. 2005) ("the right to confrontation is not a sentencing right"); United States v. Chau, 426 F.3d 1318, 1323 (11th Cir. 2005) (admission of hearsay testimony at sentencing does violate confrontation rights); United States v. Davis, 177 F. App'x 895, 900 (11th Cir. 2006) (admission of hearsay testimony at sentencing hearing does not violate Crawford v. Washington).  Accordingly, the 5-level enhancement based on defendant's pattern of activity involving the sexual abuse and exploitation of the minor victim is properly scored.

### IV. The enhancement for the number of images and videos in defendant's collection is properly scored.

Defendant objects to the "inclusion" of the 5-level enhancement for the number of images and videos in his child pornography collection pursuant to USSG

---

[4] Based on these statements, it is reasonable to infer that defendant groomed the minor victim by showing the child pornography.  When considered together with the nature of the relationship of defendant and the minor victim, this is a substantial aggravating factor under 18 U.S.C. § 3553(a).  It may also qualify defendant for a 2-level sentencing enhancement pursuant to USSG §3A1.1 for vulnerable victim.  United States v. Gawthrop, 310 F.3d 405, 412 (6th Cir. 2002) (court affirmed 2-level enhancement for vulnerable victim based on familial relationship and defendant's conduct of grooming minor victim with child pornography).

6

§2G2.2(b)(7)(D). Doc. 120 at 5. Defendant complains that "video-clips" should not be counted because the term is "loosely defined." Id. To the contrary, pursuant to USSG §2G2.2, Application note 4(B)(ii), each video is considered to be equivalent to 75 images. There is no question that Congress meant to increase the penalties provided for possession of greater quantities of child pornography. United States v. Leibovitz, 401 F.3d 1263, 1272 (11th Cir. 2005) (citation omitted).

Defendant also argues that temporary internet files of "unsophisticated users"[5] should not be used to increase defendant's offense level. Doc. 120 at 5. The Eleventh Circuit has determined that a defendant may be held accountable for images of child pornography contained in temporary internet cache and unallocated spaces on his computer. United States v. Pruitt, 638 F.3d 763, 766-67 (11th Cir. 2011). However, defendant Cowan is not being held accountable for any images or videos in any temporary internet caches of his computer media. To the contrary, he maintained his collection of child pornography in user-created folders and folders within the LimeWire file sharing program, as well as on external storage drives and compact disks. The evidence adduced at trial showed that defendant produced, received, collected, maintained, possessed, shuffled and even reproduced child pornography.

---

[5] Any suggestion that defendant is an "unsophisticated user" is erroneous. Defendant testified at his trial and presented as a very intelligent and educated individual. During direct examination, he discussed his familiarity and experience with computers, which is substantial. Doc. 90 at 49-54. Defendant admitted previewing the child pornography video named in Count Two of the indictment (Govt. Ex. 46). Doc. 90 at 129. He acknowledged that he was familiar with LimeWire and that he had used it for several years. Doc. 90 at 130.

In sum, defendant maintained at least 340 images and 33 videos of children being sexually abused, or the equivalent of 2,815 images for guideline purposes. Congress has determined that such a significant collection should subject defendant to enhanced punishment. The United States agrees.

V. **The enhancement for obstruction of justice is properly scored.**

Pursuant to USSG § 3C1.1, comment. [n.4(b)], committing perjury is an example of obstruction or impeding the administration of justice if such perjury pertains to conduct that forms the basis of the offense of conviction. The Eleventh Circuit has determined that the obstruction enhancement is applicable when a defendant gives perjured testimony on a material matter at trial. See United States v. Vallejo, 297 F.3d 1154, 1168 (11th Cir. 2002) (citation omitted); see also United States v. Orr, 292 F. App'x 11, 14-15 (11th Cir. 2008) (court discussed factors for determining that a defendant perjured himself). In this case, defendant made statements under oath at trial that were false, material, and irreconcilably inconsistent with the jury's verdict. Moreover, these statements were made with the willful intent to provide false testimony and not as a result of mistake, confusion, or faulty memory. See id.

During direct examination at trial, defendant was asked if he ever knowingly and intentionally download any files from LimeWire that he understood to be child pornography. Doc. 90 at 64. His response was "[n]o, sir. Never." He testified that he "would never download" files with "a title of a file indicative of child porn." Id. at 67. He stated that "[at no point in time did I knowingly possess [child pornography]. Id. at 69. When asked if he "knowingly downloaded a title that caused [defendant] to know or believe it contained child pornography," defendant testified "Absolutely not, sir." Id. at

8

70.  These statements are material and inconsistent with the jury's verdict.  Indeed, they were proven false during the United States' rebuttal case.  This evidence showed that defendant possessed a compact disk with an "untitled" folder containing images and videos of child pornography that was "burned" (created) on December 30, 2005, over two years before he claimed that his first "very nasty experience"[6] with this type of material occurred.  Id. at 162.  In burning this disk, defendant would have had to knowingly receive, possess, manipulate and store these images and videos.

Defendant testified that he took pictures of the minor victim as she was "scurrying around" in his residence.  Id. at 142-43.  The pictures show otherwise.  Defendant testified that he "never gave [the minor victim] any direction" as he took the charged pictures.  Id. at 143.  Yet, several of the pictures indicate the minor victim appearing to strike poses for the camera, and one depicts the victim touching her genitalia.

During a criminal trial, a defendant has a right to testify or not to testify.  However, this constitutional right does not shield a defendant from the consequences of his willful choice to commit perjury.  Otherwise, the oath to tell the truth would be meaningless.  On each of the material matters discussed above, the jury rejected defendant's testimony when it found defendant guilty of producing, receiving and possessing child pornography[7].  Accordingly, defendant willfully and intentionally testified falsely at trial about material matters, and thus obstructed or impeded the

---

[6]  See Doc. 90 at 63.

[7]  The Eleventh Circuit has noted that "[w]hen a defendant chooses to testify, he runs the risk that if disbelieved the jury might conclude the opposite of his testimony is true." United States v. Brown, 53 F.3d 312, 314 (11th Cir. 1995)

administration of justice as contemplated by USSG §3C1.1.  See Orr, 292 F.App'x at 15 (district court properly applied obstruction of justice sentencing enhancement after considering government forensic examiner's credible testimony and defendant's "incredible" testimony in child pornography case).

### VI.     Defendant does not qualify for a 2-level reduction under USSG §2G2.2(b)(1).

Defendant has objected to the probation officer's refusal to score a 2-level downward adjustment under USSG §2G2.2(b)(1) because his "conduct was limited to the receipt or solicitation of material involving the sexual exploitation of a minor."  The basis of the objection appears to be that the officer improperly "relied on other counts of conviction to support the enhancement."  Doc. 120 at 9.  Defendant is mistaken again, and the PSR properly excludes this downward adjustment.

In this case, defendant's criminal conduct was *not* limited to the receipt or solicitation of material involving the sexual exploitation of a minor.  Defendant *produced* pornographic images of the 4-year old victim as proven and convicted in Counts Four and Five, and committed sexual battery against her as charged by the State of Florida.  Hence, he does not qualify for the 2-level downward adjustment under USSG §2G2.2(b)(1).  See United States v. Williams, 396 F. App'x 662, 664 (11th Cir. 2010) (defendant's conduct not limited to receipt and solicitation of child pornography in part because he sent pictures of his genitalia online to an individual that he believed was an underage girl).

### VII. Defendant qualifies for a 2-level enhancement under USSG §2G2.1(b)(2)(A) since the charged offenses involved the commission of sexual acts and sexual contact.

Defendant objects to the application of a 2-level enhancement pursuant to USSG §2G2.1(b)(2)(A), stating that "the commission of a sexual act is not established." Doc. 120 at 8. Defendant is wrong for two reasons. First, as stated above, the evidence shows that defendant engaged in a pattern of sexual activity with the minor victim, including fellatio and the digital penetration of the minor victim's vagina[8]. See supra at 5. This conduct occurred in close temporal proximity to defendant's offenses in violation of Section 2251(a). USSG §2G2.1(b)(2)(A) is not limited to the specific offense of conviction, and this Court should consider these offenses to have involved an entire pattern of conduct that is all "part and parcel of the offense." See United States v. Shafer, 573 F.3d 267, 271 (6th Cir. 2009) (court noted that district judge found that USSG §2G2.1(b)(2)(A) is not limited to the specific offense of conviction[9]). This is consistent with the definition of "relevant conduct" pursuant to USSG §1B1.3 as well as the commentary to USSG §6A1.3 dealing with the resolution of disputed factors.

Second, and in the alternative, this enhancement applies because of the "sexual contact" portrayed in at least one of the images produced by defendant. Section 2246(3) defines "sexual contact" as the "intentional touching, either directly or through the clothing, of the genitalia, anus, groin, breast, inner thigh, or buttocks of any person

---

[8]  Each of these acts qualify as a "sexual act" or "sexual contact" as those terms are defined in 18 U.S.C. § 2246(2) & (3).

[9]  In Shafer, the Sixth Circuit affirmed the district court on other grounds and did not reach the district court's "relevant conduct" justification for the enhancement. Id. at 272.

with intent to abuse, humiliate, degrade, or arouse or gratify the sexual desire of any person." One of the pornographic images produced by defendant and listed in Court Four of the indictment, IMG_1516.JPG, depicts the minor victim touching her genitalia and groin in what appears to be an act of self-masturbation. See Govt. Ex. 25. Self-masturbation qualifies as "sexual contact," and it is reasonable to infer that defendant caused the minor victim to engage in this behavior with the intent to arouse or gratify his own sexual desire. United States v. Aldrich, 566 F.3d 976, 979 (11th Cir. 2009) ("sexual contact" under USSG §2G2.1(b)(2)(A) and 18 U.S.C. § 2246(3) includes the act of masturbating); Shafer, 573 F.3d at 278 (2-level enhancement under USSG §2G2.1(b)(2)(A) applied for self-masturbation by victim child); United States v. McDade, 399 F.App'x 520, 523 (11th Cir. 2010) (the application of the enhancement under USSG §2G2.1(b)(2)(A) does not turn on what sexually explicit conduct that defendant may have been personally involved in but rather on what was contained in or involved with the video that he produced).

Therefore, the evidence in this case supports the 2-level enhancement under USSG §2G2.1(b)(2)(A).

### VIII. The multiple count adjustment under USSG §3D1.4 is properly scored.

Defendant essentially complains that the PSR improperly considers the type of counts of conviction, in particular that Counts Four and Five should be grouped together. Doc. 120 at 9-12. Unfortunately, defendant ignores the plain language of USSG §3D1.2, which provides that offenses governed by USSG §2G2.1 (sexual exploitation of a minor, including production of child pornography under Section

2251(a)) are "[s]pecifically excluded from the operation of this subsection" (groups of closely related counts). Accordingly, Counts Four and Five should not be grouped together for purposes of sentencing guidelines calculations.

### IX.     The PSR properly recommends an advisory guideline sentence of 140 years imprisonment.

Without citing any case or statutory authority, defendant complains that 140 year prison sentence recommended by the sentencing guidelines as set forth in the PSR "[i]ndirectly violate[s] the maximum statutory term of custody." Doc. 120 at 12. In response, the United States relies upon the arguments articulated in its Amended Sentencing Memorandum (Doc. 115 at 1-3) and incorporates the same by reference herein.

### X.     The PSR does not limit defendant's right to seek a departure or variance in his sentence.

Contrary to defendant's final argument in his sentencing memorandum (Doc. 120 at 12), the comments contained in the PSR regarding the lack of factors supporting a sentencing variance do not limit in any way defendant's right to seek either a variance or a departure. It is well established that the sentencing guidelines are advisory in nature and that the Court may determine that a variance therefrom is appropriate in a particular case. That said, neither a downward departure nor a downward variance from the 140 year sentence recommended by the sentencing guidelines is warranted in this case.

## XI.     United States' sentencing recommendation

As set forth herein as well as in the United States' Amended Sentencing Memorandum (Doc. 115 at 7-8), defendant's offenses are worthy of the maximum punishment authorized by Congress, recommended by the U.S. Sentencing Commission, and approved by the Eleventh Circuit[10].  Accordingly, the United States respectfully requests that, after considering the facts and circumstances of this case, the relevant advisory sentencing guidelines, and the factors set forth in 18 U.S.C. § 3553(a), this Court sentence defendant to a term of 140 years imprisonment, to be followed by a life term of supervised release.  Such a sentence would be reasonable and would constitute just punishment for a child predator of this magnitude.

As recognized by the Eleventh Circuit, the enactment of Title 18, United States Code, Section 3583(k) shows that "Congress and the Sentencing Commission intended to impose life terms of supervised release on sex offenders.  Congress explicitly recognized the high rate of recidivism in convicted sex offenders."  United States v. Pugh, 515 F.3d 1179, 1199 (11th Cir. 2008) (citations omitted).  Supervised release is admittedly inconvenient for a defendant.  But, the convenience of a defendant is much, much less important than the safety of children in the community.  The terms of supervised release for a convicted sex offender should be tailored to protect children in a defendant's geographic neighborhood as well as those children capable of being reached through cyberspace.  After all, an individual such as this defendant who has a

---

[10] See United States v. Sarras, 575 F.3d 1191, 1220-21 (11th Cir. 2009) (affirming a 100-year sentence for a first-time offender who sexually abused a 13-year-old girl and produced pornographic images of the victim).

14

deep-seated sexual attraction to children should never again be trusted to have access to the internet where child pornography is so readily available and contact with children through electronic means is so easy.  This defendant is a "hands-on" predator who has sexually molested at least one child.  The only way to hope to protect children in the community, should he ever be released, is through supervision for life.

        Respectfully submitted,

        ROBERT E. O'NEILL
        United States Attorney

By:   */s/ D. Rodney Brown*
       D. RODNEY BROWN
       Assistant United States Attorney
       Florida Bar No. 0906689
       300 N. Hogan Street, Suite 700
       Jacksonville, Florida 32202-4270
       Telephone:  (904) 301-6300
       Facsimile:   (904) 301-6310
       E-mail:      rodney.brown@usdoj.gov

U.S. v. ROBERT ALLAN COWAN                Case No. 3:09-cr-387-J-32MCR

## CERTIFICATE OF SERVICE

I hereby certify that on November 4, 2011, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

    Noel G. Lawrence, Esq.

I also hereby certify that on November 4, 2011, a copy of this document was provided by hand delivery to the following:

    Carlos R. Dawson
    Senior U.S. Probation Officer


    *s/ D. Rodney Brown*
    D. RODNEY BROWN
    Assistant United States Attorney